**SPORTIQUE MOTORS, LTD.,**
**Plaintiff–Appellant,**

v.

**JAGUAR CARS, INC., a division**
**of Ford Motor Company,**
**Defendant–Appellee,**

---

* The Honorable Carol B. Amon, of the United States District Court for the Eastern District

**Porsche Cars North America,**
**Inc., Defendant.**

**No. 02–7591.**

United States Court of Appeals,
Second Circuit.

Jan. 15, 2003.

John S. Ciulla (Leonard A. Bellavia,) Bellavia, Gentile & Associates, Mineola, NY., for Appellant, of counsel.

John J. Sullivan (Carl J. Chiappa,) Kirkpatrick & Lockhart, LLP, New York, NY., for Appellee, of counsel.

PRESENT: LEVAL, CABRANES, Circuit Judges, and CAROL B. AMON,* District Judge.

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit,

of New York, sitting by designation.

held at the United States Courthouse, Foley Square, in the City of New York, on the 15th day of January, two thousand and three.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal be and it hereby is **AFFIRMED.**

On April 7, 2000, Sportique Motors, Ltd. ("Sportique"), a Jaguar dealership, brought this action against Jaguar Cars, Inc. ("Jaguar"). The Complaint alleged that Jaguar's warranty reimbursements to Sportique from 1996 to 1999 were deficient and in violation of Section 465 of the New York Vehicle and Traffic Law. On January 18, 2002, Jaguar filed a motion for summary judgment, claiming that Sportique is barred from bringing this action by the parties' Mutual Release and Termination Agreement, which both parties signed upon terminating their franchise relationship, and which stated that the parties "relinquish any and all rights [they] may have had under [their] Dealer Agreement...." Sportique also filed a motion for summary judgment, arguing, *inter alia*, that the release was invalid because it violates Section 463(2)(*l*) of the New York Vehicle and Traffic Law.

On March 20, 2002, the District Court granted Jaguar's motion for summary judgment. *See Sportique Motors, Ltd. v. Jaguar Cars, Inc.*, 195 F.Supp.2d 390 (E.D.N.Y.2002). The District Court conducted a thorough and well-reasoned analysis of both the facts and the relevant law, and it properly concluded that, in the circumstances presented, Sportique is barred from bringing this action by the parties' Mutual Release and Termination Agreement.

Substantially for the reasons stated by the District Court, *id.*, the judgment of the District Court is hereby AFFIRMED.